UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STANISLAUS TOWING & RECOVERY SERVICES, INC., (a California Corporation), RON HANNINK and STEPHANIE HANNINK,**<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF MODESTO, KAREN ROBERTSON, and DOES 1-50, inclusive,**<br><br>Defendants. | 1:11-cv-01344 LJO DLB<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS (DOCS. 7 & 8)** |

## I. INTRODUCTION

This case arises out of a towing service contract between Plaintiffs, Stanislaus Towing & Recovery Services Inc., Ron Hannink, and Stephanie Hannink, and Defendant, the City of Modesto (the "City"), through its Police Department. Plaintiffs bring a federal civil rights claim pursuant to 42 U.S.C. § 1983, as well as state law breach of contract and declaratory relief claims, in connection with various disciplinary actions the City took against Plaintiffs from 2009 through 2011, including the termination of the towing contract in February 2011.

Defendants, the City and City employee, Karen Robertson, move to dismiss the entire Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing:

(1) Plaintiffs' Section 1983 claim should be dismissed because Plaintiffs failed to exhaust administrative remedies described in the towing contract;

(2) Plaintiffs' state law breach of contract and declaratory relief claims should be dismissed for failure to exhaust administrative remedies;

(3) Plaintiffs' state law declaratory relief claim should be dismissed for failure to exhaust judicial remedies; and

(4) Plaintiffs' declaratory relief claim should be dismissed for failure to comply with the pre-filing notice requirements of the California Government Claims Act, Cal. Gov. Code. § 945.4.

Doc. 8-1 at 5-12.  Alternatively, invoking Federal Rule of Civil Procedure 12(e), Defendants demand a more definite statement of the First Amendment allegations in the § 1983 claim.  *Id*. at 12-13.

Plaintiffs oppose the motion.  Doc. 9.  Defendants replied.  Doc. 11.  The motion was originally set for hearing on November 3, 2011, but the hearing was vacated and the matter submitted for decision on the papers.  *See* Doc. 13.

## II. BACKGROUND

Plaintiffs and the City first entered into a Tow Service Agreement on August 2, 2006, which was later superseded by a "Franchise Tow Agreement" ("Agreement"), executed April 13, 2009, a copy of which is attached to the Complaint as Exhibit A.  The Agreement provides that when a Franchisee receives three "violations" for failure to provide adequate service within a twelve-month period, the Franchisee will be suspended from providing Tow Services for 30 days.  Doc. 1, Compl. at ¶ 11.  Following reinstatement after the 30-day suspension, the violation count resets.  *Id*.

Paragraph 23(A) of the Agreement sets forth a process by which a Franchisee may request a written review of a violation by the Modesto Police Department's Administrative Services Sergeant.  *Id*. at ¶ 12.  The Franchisee may then file a written appeal with the Chief of Police.  *Id*. at ¶ 13.  No hearing or further avenues for appeal are provided.

On or around December 2009, plaintiffs were suspended from providing tow services based on the Modesto Police Department's issuance of three violations under the Agreement.  Plaintiffs allege that "[d]espite the fact the violations in question were without merit, and the

2

underlying charges were often dismissed, plaintiffs' attempts to appeal the violations and the suspension were rejected without proper, effective, and Constitutionally sufficient administrative review and Due Process." *Id*. at ¶ 15.

On or around August 18, 2010, Plaintiffs were again informed they would be suspended for one month due to the issuance of three more violations. *Id*. at ¶ 16. Plaintiffs were also informed that after the suspension, they would be terminated, as it was their second suspension within a three-year period. *Id*. Plaintiffs filed a complaint in Stanislaus County Superior Court requesting injunctive relief to prevent their termination. *Id*. at ¶ 16. However, the parties agreed that the suspension and termination should be set aside, and the City Attorney "agreed plaintiffs had not been provided adequate Due Process and Administrative review and promised to change the procedure for review of violations under the Agreement." *Id*. at ¶ 17.

On or about February 22, 2011, Plaintiffs were informed that they would be unilaterally terminated from providing tow services due to the filing of criminal charges against them. *Id*. at ¶ 18. Plaintiffs allege they were provided no opportunity for administrative review of the February 2011 termination decision. *Id*.

On or about April 11, 2011, in accordance with California Government Code § 911.2, Plaintiffs submitted a Claim for Money Damages against the City in connection with the termination. *Id*. at ¶ 19.

Plaintiffs filed the instant lawsuit on August 11, 2011. Plaintiffs' first cause of action arises under 42 U.S.C. § 1983 and alleges Defendants engaged in unconstitutional conduct by:

(1) "Intentionally and deliberately" issuing violations under the Agreement to Plaintiffs with "the intent to force a loss of business and eventually cause the termination of the Agreement";

(2) Intentionally targeting the Hanninks for "making complaints about the conduct of the

3

Modesto Police Department, as well as other Tow Service companies that were in favor of [Defendant Robertson]...., thereby intentionally limiting the free speech of said plaintiffs";

(3) "Intentionally singling out" the Hanninks for criminal prosecution on or about February 22, 2011 "in order to remove them from the tow rotation list"; and

(4) "Intentionally denying plaintiffs procedural and substantive Due Process by failing to provide adequate administrative review of the issuance of violations, suspensions, and terminations under the Agreement, in order to deliberately force plaintiffs from the Tow Service business."

*Id*. at ¶ 22.

The second cause of action alleges breach of contract against all defendants and asserts "Defendants intentionally and wrongfully breached the Agreement when it [sic] unilaterally and unjustifiably terminated said Agreement on or about February 22, 2011, in addition to its previous breaches of the Agreement by the wrongful conduct of its employees in suspending plaintiffs from the tow rotation list and in issuing violation[s] without cause." *Id*. at ¶ 29.

The third cause of action is for declaratory relief against the City and demands various declarations regarding the City's obligations under the Agreement. Although it is not clear from the face of the complaint whether Plaintiff seeks declaratory relief under state or federal law, Plaintiffs' reply brief indicates that the request is made pursuant to California law. Doc. 9 at 4-5.

### III. ANALYSIS

**A.    Motion to Dismiss**

  **1.    Motion to Dismiss For Failure to State a Claim – Fed. R. Civ. Pro. 12(b)(6).**

This motion to dismiss invokes only Federal Rule of Civil Procedure 12(b)(6). A 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In deciding whether to grant a motion to dismiss, the court "accept[s] all factual

4

allegations of the complaint as true and draw[s] all reasonable inferences" in the light most favorable to the nonmoving party. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Id*. (citing *Twombly,* 550 U.S. at 556–57). Dismissal also can be based on the lack of a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

### 2.  **Motion to Dismiss Federal Claims.**

#### a.  **Exhaustion of Administrative Remedies.**

Defendants argue that the First Cause of Action for "Civil Rights Violations" under 42 U.S.C. § 1983 are "jurisdictionally barred" for failure to exhaust administrative remedies.  Doc. 8-1 at 5.[1]  This argument is entirely misguided as, ordinarily, plaintiffs pursuing civil rights claims under 42 U.S.C. § 1983 need not exhaust administrative remedies before filing suit in federal court. *See Patsy v. Board of Regents of Fla.*, 457 U.S. 496, 516 (1982) (Section 1983 was intended to "throw open the doors of the United States courts" to individuals who were threatened with, or who had suffered, the deprivation of constitutional rights... and to provide these individuals immediate access to the federal courts notwithstanding any provision of state law to

---

[1] Defendants' argument that the Section 1983 claim is "jurisdictionally barred" is curious in the context of a Rule 12(b)(6) motion.  Jurisdictional issues are usually raised by way of a Rule 12(b)(1) challenge to a court's subject matter jurisdiction.  The general rule is that, absent clear Congressional intent to make exhaustion jurisdictional, it is not. *See Ace Prop. & Cas Ins Co. v. Fed. Crop Ins. Corp*., 440 F.3d 992, 996 (8th Cir. 2006) (citing *Weinberger v. Salfi*, 422 U.S. 749 (1975)); *see also Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1248 (D.C. Cir. 2004)..  Here, given that Section 1983 contains no such explicit exhaustion requirement, exhaustion is not jurisdictional, making 12(b)(6) the more an appropriate basis for Defendants' challenge.


the contrary."). Exceptions to this general rule are extremely limited. For example, exhaustion is statutorily required for civil rights suits brought by prisoners under the Prisoner Litigation Reform Act, and is a prerequisite in Fifth Amendment regulatory takings cases, where exhaustion is considered a matter of ripeness. *See Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007) (discussing exceptions). Neither exception applies here. *See id*. 899-900 (refusing to apply an exhaustion requirement in the context of a 1983 suit brought by a corporation alleging First Amendment and Fourteenth Amendment procedural due process rights violations).

The cases cited by Defendants are inapposite, as they concern claims brought under statutes with specific exhaustion requirements, *e.g. Blanchard v. Morton Sch. Dist.*, 420 F.3d 918, 920-21 (Individuals with Disabilities in Education Act), overruled on other grounds by *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863 (9th Cir. 2011), or discuss situations where Congress has not clearly required exhaustion and in which "sound judicial discretion governs" imposition of an exhaustion requirement, *see McCarthy v. Madigan,* 503 U.S. 140, 144-49 (finding in *Bivens* action against federal Bureau of Prisons that exhaustion was not required), superseded by statute as stated in *Booth v. Churner*, 532 U.S. 731, 732 (2001).[2] Equally puzzling is Plaintiffs' failure to cite the relevant rule from *Patsy* in response to the motion to dismiss. This Court, the busiest in the nation, cannot function efficiently without concise, accurate, and complete briefing from the parties.

Defendants' motion to dismiss the Section 1983 claims for failure to exhaust is DENIED.

---

[2] Not only do Defendants cite irrelevant cases, they failed to disclose in their opening brief that both of the cases cited in this sentence have been overruled or superseded. Citation to these cases should have included appropriate notations to that effect. The Bluebook: A Uniform System of Citation R.10-7.1(c)(i), at 102 (Columbia Law Review Ass'n et al. eds., 19th ed. 2010). Defendants acknowledge that *McCarthy* has been superseded in their Reply brief. *See* Doc. 11 at 5.

6

**3.     State Claims.**

     **a.     Exhaustion of Administrative Remedies.**

          **(1)     Breach of Contract Claim.**

Defendants argue that Plaintiffs' Breach of Contract claim should be dismissed for failure to exhaust state administrative remedies. Under California's exhaustion of administrative remedies doctrine, "where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act." *Cal. Correctional Peace Officers Assn. v. State Personnel Bd.*, 10 Cal. 4th 1133, 1148 (1995). The same rule has been extended to the public employment context where internal grievance procedures exist. *See Edgren v. Regents of Univ. of Cal.*, 158 Cal. App. 3d 515, 519-21 (1984)

Here, the Agreement provides for a process of administrative review to challenge violations and/or suspensions:

**23. REVIEW/APPEAL OF VIOLATION**

    A. FRANCHISEE may request a review of a **violation** within seven (7) calendar days of receipt of the notice of violation by submitting a request in writing to the Administrative Services Sergeant. If a review is requested by FRANCHISEE, it shall be done as soon as practicable by the Administrative Services Sergeant or his/her designee. FRANCHISEE shall be notified in writing of the Administrative Services Sergeant's decisions(s) within ten (10) business days of the date of completion of the review.

    B. Following a review, FRANCHISEE may appeal the Administrative Services Sergeant[']s decision(s) by submitting a request in writing to the Chief of Police within seven (7) calendar days of receipt of the decision. If an appeal is requested, it shall be done as soon as practicable. The appeal shall be conducted by the Chief of Police or his/her designee. FRANCHISEE shall be notified in writing of the decision(s) of the Chief of Police within ten (10) business days of the date of the completion of the appeal. **The decision of the Chief of Police is final.**

    C. A suspension of termination resulting from a violation shall not be imposed until the review and/or appeal process for that violation has been exhausted, except where this Agreement permits an immediate suspension or termination or where a FRANCHISEE's conduct is deemed to be a danger to the motoring public or who has engaged in conduct constituting a gross violation of the

> Agreement. Failure to request a review or appeal in writing within the time specified or failure of FRANCHISEE to appear at a scheduled review or appeal hearing shall constitute a waiver of his or her right to a review or appeal and adjudication of the violation and/or disciplinary action and the violation and/or disciplinary action shall become final.

Doc. 1, Ex. A at ¶ 23 (pages 33-34 of 37) (emphasis in original). Defendants maintain that dismissal of Plaintiffs' entire breach of contract claim is warranted because Plaintiffs failed to follow these procedures with regard to at least two violations and both suspensions. *See* Doc. 11 at 8.

The breach of contract claim alleges that "Defendants intentionally and wrongfully breached the Agreement when it [sic] unilaterally and unjustifiably terminated said Agreement on or about February 22, 2011, in addition to its previous breaches of the Agreement by the wrongful conduct of its employees in suspending plaintiffs from the tow rotation list and in issuing violation[s] without cause." Compl., Doc. 1. at ¶ 29. Unpacking this allegation reveals that Plaintiffs are describing three distinct sets of events:

(1) On or about December 2009, Plaintiffs were suspended for one month after receiving three violations. Compl. at ¶ 15. Plaintiffs allege they lost significant income due to the suspension. *Id*.

(2) On or about August 2010, Plaintiffs were informed they would be suspended for an additional month due to the issuance of three additional violations. *Id*. at ¶ 16. Plaintiffs were also informed that they would be terminated following the suspension, as it was their second suspension in a three-year period. *Id*. Plaintiffs filed suit for injunctive relief in Stanislaus County Superior Court. *Id*. at ¶ 17. By agreement of the parties, the suspension and termination were to be set aside. The Complaint alleges that the City "agreed that plaintiffs had not been provided adequate Due Process and Administrative review and promised to change the procedure for review of violations issued under the Agreement." *Id*.

(3) Approximately seven months later, in February 2011, Plaintiffs were terminated due to the filing of criminal charges against them. *Id*. at ¶18.

The focus of the Breach of Contract claim is Plaintiffs' February 20, 2011 termination following the filing of criminal charges against Plaintiffs. It is undisputed that the Agreement provides no administrative process for challenging a termination of this nature, nor have Defendants pointed to any other avenue for administrative review of this termination. Plaintiffs are not required to exhaust administrative remedies that do not exist. Defendants' motion to dismiss the breach of contract claim is DENIED as to any claim based on the termination.

It is not clear how Plaintiffs could assert a breach of contract claim based upon the August 2010 violations and threatened suspension and termination, as the suspension and termination were set aside.

Application of the exhaustion requirement to the December 2009 violations and suspension requires further analysis. The December 2009 suspension was implemented, so it is plausible that that the suspension and related violations could form the basis of a breach of contract action. The Agreement provided an administrative procedure to appeal the violations that triggered the suspension. The complaint fails to address whether Plaintiffs availed themselves of these procedures.

Plaintiffs suggest that they should not be required to exhaust the remedies provided in the Agreement because the remedies are inadequate. As "proof" of this inadequacy, Plaintiffs point out that, in the context of their judicial challenge to the August 2010 violations and threatened suspension and termination, the City Attorney "agreed" that the procedures did not provide "adequate Due Process and Administrative review and promised to change the procedure for review of violations issued under the Agreement." Compl. at ¶ 17. Accepting this allegation as true, which is required on a motion to dismiss, does not excuse Plaintiffs from exhausting the

9

Agreement's procedures in connection with the December 2009 violations, which occurred many months before any "agreement" by the City as to the inadequacy of the procedures. A plaintiff's belief that a grievance procedure is procedurally inadequate does not excuse that plaintiff from exhausting the procedure. *See Edgren,* 158 Cal. App. 3d at 522 ("The doctrine of exhaustion of administrative remedies applies despite plaintiffs' asserted denial of procedural due process.").

Plaintiffs further protest that although the Agreement "allows" for review of each violation as well as terminations or suspensions based upon the accumulation of violations, there is no contractual "requirement" that each and every violation be contested. Doc. 9 at 3. This is irrelevant. "The same exhaustion rule, that is, if an administrative remedy is made available it must be exhausted, applies [even] to what appear to be permissive internal administrative remedies." *Williams v. Housing Auth. of City of Los Angeles*, 121 Cal. App. 4th 708, 733-34 (rejecting argument that employee did not have to exhaust regulatory remedy providing employee "may appeal" discharge) (emphasis added).

Defendants present the declaration of Karen Robertson, an employee of the City of Modesto, to detail the history of Plaintiffs' engagement in the administrative review process. *See* Doc. 12. Defendants maintain that this evidence demonstrates Plaintiffs failed to adequately pursue their administrative remedies in connection with the violations leading up to the December 2009 suspension. Plaintiffs object to consideration of this extrinsic evidence. The instant motion is brought under Federal Rule of Civil Procedure 12(b)(6).[3] As a general rule, a district court may not consider any material outside the pleadings in deciding a 12(b)(6) motion without converting the motion to one for summary judgment after giving notice to the parties. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). There are two exceptions to this rule:

> First, a court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting the motion to dismiss into a

---

[3] Extrinsic evidence is treated differently in a Rule 12(b)(1) motion, but no such motion has been made here.

> motion for summary judgment. If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record."

*Id*. at 688-89 (internal citations and quotations omitted).  Defendants incorrectly assert that *Branch v. Tunnel*, 14 F.3d 449 (9th Cir. 1994), stands for the proposition that "if Plaintiffs fail to attach documents which are essential to their claims, then Defendants may attach those documents to their 12(b)(6) motion." Doc. 11 at 2.  In fact, *Branch* held more narrowly that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."  14 F.3d at 454, overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  The Complaint in this case does not allege the content of any document pertaining to Plaintiffs administrative appeals (or lack thereof) from the December 2009 violations.  Therefore, Defendants' evidence of the same cannot be considered.

Alternatively, Defendants argue that Plaintiffs made "factual concessions" that demonstrate failure to exhaust.  Doc. 11 at 4.  The factual concessions to which Defendants refer come from the following paragraph in Plaintiffs' Opposition:

> Defendants claim that the City was to provide a hearing for each suspension or violation.  The agreement at issue actually provides that each violation is appealed to the Administrative Sergeant and further appealed to the police chief.  Plaintiffs contend that this process failed to provide adequate Due Process.  The City of Modesto agreed with plaintiffs and changed the procedure. (Plaintiffs' Complaint, ¶ 17).  The City further agreed to provide a different hearing mechanism for review of violations.  Plaintiffs never tested this "new" process because they were terminated based on the baseless filing of criminal charges on February 10, 2011. (Plaintiffs' Complaint, ¶ 18).  (Id).  The Agreement does not provide recourse when termination is based on criminal charges.

Doc. 9 at 3-4.  This paragraph concerns only the August 2010 violations and threatened suspension and termination discussed above.  As no suspension or termination was ever imposed based upon the August 2010 violations, it is unclear how any of these circumstances give rise to a

11

claim for breach of contract. Defendants point to no "factual concessions" regarding the December 2009 violations and suspension.

Nevertheless, Plaintiffs have entirely failed to allege exhaustion in connection with the December 2009 violations and suspension. Exhaustion is a <u>pleading</u> requirement under California law. *See Shuer v. County of San Diego*, 117 Cal. App. 4th 476, 482 ("A demurrer may properly be granted based on the failure to adequately plead [] exhaustion of administrative remedies...."). The Agreement provided administrative procedures by which Plaintiff could have challenged the December 2009 violations and resulting suspension. The current Complaint contains no allegations regarding exhaustion. Accordingly, to the extent Plaintiffs' breach of contract claim is based upon the December 2009 events, the claim must be dismissed with leave to amend.

The motion to dismiss the Breach of Contract clam for failure to exhaust state administrative remedies is GRANTED IN PART AND DENIED IN PART. The motion is DENIED as to Plaintiffs' breach of contract claim based upon the February 2011 termination resulting from the filing of criminal charges and GRANTED WITH LEAVE TO AMEND as to any breach of contract claim based upon the December 2009 events. If Plaintiffs intend to pursue a breach of contract claim based upon the August 2010 violations and threatened suspension and termination, which were later withdrawn, Plaintiffs must clarify this allegation in any amended complaint as well as include relevant exhaustion allegations.

### (2) Declaratory Relief Claim.

Plaintiffs' state law declaratory relief claim seeks the following declarations of the rights and duties of the parties:

> a. That, pursuant to the Agreement, defendant CITY is required to provide a full hearing for any and all reviews and appeals under paragraph 23 of the Agreement; and/or

      b. That, pursuant to the Agreement, plaintiff Franchisee is entitled to a hearing before a neutral third party after the decision following an appeal to the Chief of Police; and/or

      c. That, pursuant to the Agreement, the mere issuance of a citation cannot provide the basis for a violation or a failure to provide adequate service until there has been a judicial determination of any citation; and/or

      d. That, defendant CITY has breached the Agreement in doing the acts described above and that plaintiffs have not breached the Agreement; and/or

      e. That defendant CITY may not, pursuant to the Agreement, suspend and/or terminate a Franchise Tow Agreement with plaintiffs; and/or

      f. That the Agreement is a contract of adhesion and that the language in the contract providing for termination of a Franchisee based on the provisions of paragraph 23 of said Agreement is unconscionable and unenforceable as a matter of public policy.

      g. That defendant CITY may not terminate the Agreement unilaterally based on mere allegations of criminal conduct where the conduct alleged does not constitute fraud in the Towing Services business.

Doc. 1 at ¶ 33. The only challenge Defendants bring against this claim is that it should be dismissed for failure to exhaust administrative remedies. However, Defendants have not identified any administrative remedy available under the Agreement or any other regulation or statute that would permit Plaintiffs to raise any of these issues before the City. There is no basis for dismissal on exhaustion grounds. The motion is DENIED.

      **b.**      **Exhaustion of Judicial Remedies.**

Defendants argue that Plaintiffs' second and third causes of action must be dismissed for failure to exhaust judicial remedies. In support of this argument, Plaintiffs point to the well-established California rule that a party to a quasi-judicial proceeding before an administrative body is bound by the findings of that body unless the findings are challenged by means of a mandate action brought before a California Superior Court. *See Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 69-70 (2000) (citing *Westlake Commt'y Hosp. v. Superior Court*, 17 Cal. 3d 465

(1976)).

> This requirement of exhaustion of judicial remedies is to be distinguished from the requirement of exhaustion of administrative remedies. (*Knickerbocker v. City of Stockton* (1988) 199 Cal.App.3d 235, 241.) Exhaustion of administrative remedies is "a jurisdictional prerequisite to resort to the courts." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 293.) Exhaustion of judicial remedies, on the other hand, is necessary to [give] binding "effect to the administrative agency's decision, because that decision has achieved finality due to the aggrieved party's failure to pursue the exclusive judicial remedy for reviewing administrative action." (*Briggs v. City of Rolling Hills Estates* (1995) 40 Cal.App.4th 637, 646, original italics.)

*Id*. at 70.

However, not all grievance procedures qualify as quasi-judicial. The California Supreme Court has explained:

> Indicia of [administrative] proceedings undertaken in a judicial capacity include a hearing before an impartial decision maker; testimony given under oath or affirmation; a party's ability to subpoena, call, examine, and cross-examine witnesses, to introduce documentary evidence, and to make oral and written argument; the taking of a record of the proceeding; and a written statement of reasons for the decision.

*Pac. Lumber Co. v. State Water Resources Control Bd.*, 37 Cal. 4th 921, 944 (2006). The Agreement fails to provide for any hearing at all, let alone a quasi-judicial one. Therefore, the judicial exhaustion doctrine does not apply. Defendants' motion to dismiss on this ground is DENIED.

    **c.**    <u>**Compliance with the California Government Claims Act.**</u>

Defendants argue that Plaintiffs' third claim, a state law cause of action for Declaratory Relief as to various contractual rights under the Agreement, should be dismissed for failure to comply with the California Government Claims Act, which provides that before any claim "for money or damages" against a public entity can be filed with a court, a claim must first be presented to the public entity in accordance with the Act. Cal. Gov. Code § 945.4. However, the Government Claims Act does not affect the right to obtain relief other than money or damages

14

against a public entity or public employee. *See* Cal. Gov. Code § 814. Plaintiffs' Declaratory Relief Claim is not barred by the Government Claims Act. Defendants' motion to dismiss on this ground is DENIED.

**B.      Motion for a More Definite Statement.**

      **1.      First Amendment Claim.**

Defendants argue that Plaintiffs should be ordered to amend their complaint to provide a more definite statement of their first amendment claim because it is "impermissibly vague, ambiguous and unintelligible." Doc. 8-1 at 12. Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading ... which is so vague or ambiguous that the party cannot reasonably prepare a response."[4]

Defendants confusingly invoke Federal Rule of Civil Procedure 12(b)(6)'s *Twombly* and *Iqbal* standards within their Rule 12(e) motion, arguing that "more than conclusory allegations are needed to give a defendant the requisite notice of the claim," that "inferences cannot be accepted if they are unsupported by the alleged facts, nor can the court accept purely legal conclusions masquerading as factual allegations," and that "[t]he Complaint therefore fails to state a claim upon which relief can be granted." Doc. 8-1 at 12-13.[5] The standards are not interchangeable. "A motion for a more definite statement is used to attack unintelligibility, not mere lack of detail, and a complaint is sufficient if it is specific enough to apprise the defendant of the substance of the claim asserted against him or her." *San Bernardino Pub. Employees Ass'n v. Stout*, 946 F. Supp. 790, 804 (C.D. Cal. 1996). A motion for a more definite statement should be denied "where the information sought by the moving party is available and/or properly sought through discovery." *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal.

---

[4] Defendants cite an outdated version of Rule 12(e). *See* Doc. 8-1 at 12.

[5] To the extent Defendants are attempting to embed a 12(b)(6) challenge to the First Amendment claim within a 12(e) motion, they have failed to give requisite notice of the nature of their challenge to Plaintiffs.

1981). "Thus, a motion for a more definite statement should not be granted unless the defendant literally cannot frame a responsive pleading." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).

Here, Plaintiffs allege that Defendants violated their First Amendment rights by "[i]ntentionally targeting RON and STEPHANIE HANNINK for making complaints about the conduct of the Modesto Police Department, as well as other Tow Service companies that were in the favor of KAREN Robertson and Does 1-20." Compl. at ¶ 22. There is nothing vague or ambiguous about this First Amendment retaliation allegation. Details regarding the exact statements made and the form of the retaliatory conduct are properly sought during discovery.

Defendants' motion for a more definite statement of the First Amendment claim is DENIED.

### 2. **Equal Protection Claim.**

Defendants argue for the first time in their Reply brief that Plaintiffs' equal protection claim is also impermissibly vague. Although Defendants raise some legitimate concerns about the legal sufficiency of Plaintiffs' equal protection claim, *see* Doc. 11 at 10-11, the Court will not consider this argument, which was not raised in the moving papers. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (court need not consider arguments raised for the fist time in a reply brief).

### IV. CONCLUSION AND ORDER

For the reasons set forth above,

(1) Defendants' motion to dismiss the Section 1983 claim for failure to exhaust local administrative remedies is DENIED.

(2) Defendants' motion to dismiss the breach of contract claim for failure to exhaust administrative remedies is GRANTED IN PART AND DENIED IN PART. The motion is

16

DENIED as to Plaintiffs' breach of contract claim based upon the February 2011 termination resulting from the filing of criminal charges, and GRANTED WITH LEAVE TO AMEND as to any breach of contract claim based upon the December 2009 events.  If Plaintiffs intend to pursue a breach of contract claim based upon the August 2010 violations and threatened suspension and termination, which were later withdrawn, Plaintiffs must clarify this allegation in any amended complaint as well as include relevant exhaustion allegations.  If Plaintiffs elect to amend their complaint, they shall do so within twenty (20) days following electronic service of this memorandum decision and order.  If they elect not to amend their complaint, they shall file a notice so indicating, also within twenty (20) days following electronic service of this memorandum decision and order.

(3) Defendants' motion to dismiss the state law declaratory relief claim for failure to exhaust administrative remedies is DENIED.

(4) Defendants' motion to dismiss the state law declaratory relief claim for failure to exhaust judicial remedies is DENIED.

(5) Defendants' motion to dismiss the state law declaratory relief claim for failure to comply with the pre-filing notice requirements of the California Government Claims Act is DENIED.

(6) Defendants' demand for a more definite statement of the Section 1983 First Amendment claim is DENIED.

(6) Defendants' demand for a more definite statement of the Section 1983 Due Process claim is not addressed, as it was raised for the first time in reply.

SO ORDERED
Dated:  November 4, 2011

                                          **/s/ Lawrence J. O'Neill**
                                          **United States District Judge**